This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38163**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**AARON K. CLARK,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett Lovelace, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}**     Defendant appeals from his conviction following a jury trial for one count of aggravated battery with a deadly weapon. [RP 94-96] This Court issued a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     On appeal, Defendant contends (1) the district court erred in permitting testimony that Defendant pushed and punched a female companion (Woman) before leaving in her vehicle to pursue Victim; and (2) substantial evidence did not support the

identification of Defendant as the driver of the vehicle at the time the vehicle struck Victim. [CN 1] Our notice proposed that the district court did not err in admitting the limited testimony as the probative value was quite high and not outweighed by the danger of prejudice. [CN 4] We suggested that the evidence of Defendant pushing and hitting Woman to the ground, followed by Victim's consequent plea to stop, was properly admitted to prove Defendant's motive. [CN 3] Our notice also proposed to conclude there was sufficient evidence to prove that Defendant was the driver of the vehicle that struck Victim's motorcycle and circumstantial evidence showed that Defendant intended to strike Victim with the vehicle he was driving following their confrontation. [CN 6] We thus proposed to affirm. [CN 7]

**{3}**     In his memorandum in opposition, Defendant continues to argue the same two issues. [MIO 3, 7] As to the first issue, Defendant now argues that the district court admitted the evidence to prove identity—that Defendant was the person who later struck Victim—as well as to prove motive for the collision. [MIO 4-5] "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. Identity and motive are both acceptable reasons for a court to possibly admit evidence of other, uncharged crimes or acts by a defendant. Rule 11-404(B)(2) NMRA. As we stated in the calendar notice, if evidence is admitted to "prove motive under Rule 11-404(B), it must still satisfy the requirements of Rule 11-403 [NMRA], which mandates exclusion if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." *State v. Torrez*, 2009-NMSC-029, ¶ 26, 146 N.M. 331, 210 P.3d 228 (internal quotation marks and citation omitted).

**{4}**     Defendant continues to argue that "because of the violent nature of the uncharged offense and the risk for confusion and speculation," the evidence was unacceptably prejudicial. [MIO 5-6] Defendant relies on our case law stating "that uncharged misconduct is generally one of the most damning species of evidence." [MIO 5-6] *State v. Aguayo*, 1992-NMCA-044, ¶ 25, 114 N.M. 124, 835 P.2d 840 (internal quotation marks and citation omitted). This Court in *Aguayo* went on to explain that if "the probative value of such evidence is often not very great, its prejudicial effect can be substantial." *Id.* However, we note that "[d]etermining whether the prejudicial impact of evidence outweighs its probative value is left to the discretion of the trial court, [and in] determining whether the trial court has abused its discretion in applying Rule 11-403, the appellate court considers the probative value of the evidence, but the fact that some jurors might find this evidence offensive or inflammatory does not necessarily require its exclusion." *State v. Rojo*, 1999-NMSC-001, ¶ 48, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citations omitted). Defendant has offered no additional facts or law to persuade us that the district court abused its discretion in admitting the testimony in light of its high probative value as to motive and identity, and we remain unpersuaded that Defendant has shown error as to this issue. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in

the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error).

{5}     Defendant also continues to argue that the evidence was insufficient to establish that he was the driver of the vehicle that struck Victim's motorcycle. [MIO 7] We note that Defendant now generally asserts that the police collected no physical evidence at the scene. [MIO 7] This assertion seems to dispute the existence of the evidence asserted in the docketing statement and relied on in our calendar notice—that matching paint chips transferred from Victim's motorcycle to Defendant's vehicle. [MIO 7; CN 5; DS 6] Because Defendant does not specifically assert that our proposed disposition relied on this evidence in error, and because there was other circumstantial evidence presented, as described in our calendar notice, we suggest the evidence was sufficient to support a conclusion that Defendant was the driver. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{6}     Accordingly, we are unpersuaded that our proposed summary disposition was incorrect. Thus, for the reasons stated above and in this Court's notice of proposed disposition, we affirm.

{7}     **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**